UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PATRICK WILSON,

                            Petitioner,                        05 CV 2754 (SJ)
                                                                                MEMORANDUM
    -against-                                                                       AND ORDER

UNITED STATES OF AMERICA,

                            Respondent.
-----------------------------------------------------------X

APPEARANCES

PATRICK WILSON
67641-053
FCI-Allenwood, PO Box 2000
White Deer, PA 17887
Petitioner *Pro Se*

UNITED STATES ATTORNEY'S OFFICE
One Pierrepont Plaza, 14th Floor
Brooklyn, New York 11201
By:    Steven E. Weiser
Attorneys for Respondent

JOHNSON, Senior District Judge:

      Presently before the Court is a motion by Petitioner Patrick Wilson ("Petitioner") to vacate, set aside, or correct the sentence imposed under docket number 02 CR 0385, pursuant to 28 U.S.C. § 2255.[1] For the reasons stated herein, the

---

[1] Because Petitioner's motion stated that his appeal before the Second Circuit was currently pending (Pet. at 2), this Court initially issued an Order stating that the motion would be held in abeyance until the Second Circuit rendered a decision in the appeal. Petitioner subsequently informed the Court that the Second Circuit had affirmed his conviction.

1

motion is DENIED.

## BACKGROUND

On October 15, 2002, Petitioner pleaded guilty before this Court of re-entering the United States after being deported due to commission of an aggravated felony. Petitioner was sentenced to 77 months imprisonment on February 21, 2003. The Second Circuit summarily affirmed Petitioner's conviction and sentence in an order dated October 28, 2003. United States v. Wilson, 84 Fed.Appx. 162 (2d Cir. 2003). Petitioner did not file a writ of certiorari with the Supreme Court of the United States.

## DISCUSSION

For the purposes of 28 U.S.C. § 2255, a conviction becomes "final" when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires. Clay v. United States, 537 U.S. 522 (2003). The rules for the United States Supreme Court state that a petition for a writ of certiorari to review a decision by a United States Court of Appeals must be filed within ninety days after entry of the judgment. Id. at 525 (noting that time in which defendant could have petitioned for certiorari expired ninety days after the Court of Appeals affirmed the conviction); Sup. Ct. R. 13(1).

Accordingly, Petitioner's conviction became final on January 27, 2004, ninety days after the Second Circuit affirmed his conviction. Petitioner filed his motion for habeas relief on May 26, 2005, approximately a year and four months after his

P-049

conviction became final.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended federal habeas law such that habeas petitions are now subject to a one-year statute of limitations. Specifically, § 2255 states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

22 U.S.C. § 2255.

In this case, Petitioner's ineffective assistance of counsel claim is time-barred due to his failure to file it within the one year limit mandated by 28 U.S.C. § 2255(1). His claim grounded in United States v. Booker, 125 S.Ct. 738 (2005) is likewise time-barred due to the fact that the claim was not filed within one year of the date that the conviction became final, as required under 28 U.S.C. § 2255(1), and does not qualify for the adjusted deadline of 28 U.S.C. § 2255(3) because Booker has not been "made retroactively applicable to cases on collateral review" as required by 28 U.S.C. §

3

2255(3). See Guzman v. United States, 404 F.3d 139, 140 (2d Cir. 2005). There is no indication that 28 U.S.C. § 2255(2) or 28 U.S.C. § 2255(4) are applicable. Therefore, this Court must dismiss the motion as time-barred under AEDPA's one-year statute of limitations.

## CONCLUSION

For the reasons stated herein, Petitioner's 28 U.S.C. § 2255 motion is DENIED. For a certificate of appealability to issue, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing "does not require a petitioner to demonstrate that he would prevail on the merits, but merely that 'reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Santana v. United States, 2005 WL 180932, at *7 (S.D.N.Y. Jan. 26, 2005) (quoting Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002)) (internal quotation marks and citation omitted). Where a petition is dismissed on procedural grounds, the petitioner seeking a certificate of appealability must show that both the procedural and underlying constitutional issues are reasonably debatable. Sosa v. U.S., 2003 WL 22218505, *1 (S.D.N.Y. Sept. 25, 2003). Petitioner has made no substantial showing of the denial of a constitutional right in this case. Accordingly, this Court denies a certificate of appealability.

P-049

The Clerk of Court is directed to enter a final judgment of dismissal and to close the case.

SO ORDERED.

Dated: July 15, 2005
       Brooklyn, New York

                                        s/SJ
                                   Senior U.S.D.J.

P-049